IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

WILLIAM JURNEY,

    Plaintiff,

v.

TICOR TITLE INSURANCE COMPANY
and FIDELITY NATIONAL TITLE
INSURANCE COMPANY,

    Defendants.

CIVIL ACTION NO.

1:11-cv-1168-JEC

**ORDER AND OPINION**

This case is presently before the Court on plaintiff's Motion for Summary Judgment [10] and defendants' Motion for Summary Judgment [13]. The Court has reviewed the record and the arguments of the parties and, for the reasons set out below, concludes that plaintiff's Motion for Summary Judgment [10] should be **DENIED in part** and **DENIED without prejudice in part** and defendants' Motion for Summary Judgment [13] should be **GRANTED in part** and **DENIED without prejudice in part**.

**BACKGROUND**

This action arises from losses that allegedly resulted from a defect in title to land. On May 16, 2006, Frances Ballew purportedly conveyed approximately 28.85 acres, divided into Tracts 2B, 3B, 4B,

5B, and 6B, to Larry and Teresa Landers via warranty deed. (Landers Deed, attached to Pl.'s. Mot. for Summ. J. ("PMSJ") [10] at Ex. A.) On the same day, the Landers conveyed the same parcel of land to plaintiff William Jurney via warranty deed, in exchange for $300,000. (Jurney Deed [10] at Ex. B.)

In connection with the Jurney Deed, defendant Ticor Title Insurance Company ("Ticor") issued an insurance policy (the "Policy") to plaintiff as the insured. (*Id.* at Ex. D.) The Policy provides coverage for loss or damage sustained as a result of "(1) [t]itle to the [land] . . . being vested other than as stated [in the Deed]" and "(2) [a]ny defect in or lien or encumbrance on the title." (*Id.*)

Following the conveyance, Ballew sued Landers and plaintiff for reformation of the Deeds. (Pl.'s Statement of Material Facts ("PSMF") [10] at ¶ 4.) In her complaint, Ballew alleged that only Tract 3B should have been conveyed by the Deeds, and not Tracts 2B, 4B, 5B, and 6B. (*Id.*) Plaintiff forwarded the Ballew complaint to defendant Ticor and requested a defense in the suit, as provided for in the Policy. (*Id.* at ¶ 5.) Defendant Ticor employed an attorney to represent plaintiff and the parties settled. (*Id.*) As a result of the settlement, plaintiff received Tracts 2B and 3B. (*Id.*)

After the settlement was reached, defendant Fidelity National Title, Inc. ("Fidelity"), a successor in interest to Ticor, filed a subrogation action (the "Fidelity action") against the Landers for

2

breach of warranty of title. (PSMF [10] at ¶ 6.) The Fidelity action alleges that plaintiff was damaged because he did not receive the acreage described in the Jurney Deed. (Fidelity Compl. at ¶¶ 17-31, attached to PMSJ [10] at Ex. G.) A judgment has not been entered in the Fidelity action, although the Landers are in default. (Saathoff Aff. [11] at ¶ 12.)

Plaintiff subsequently filed this action against defendants Ticor and Fidelity for damages allegedly incurred as a result of the reformation action. (Notice of Removal [1] at ¶ 1 and Ex. A.) In the complaint, plaintiff asserts claims for breach of contract and bad faith. (Compl. [1] at ¶¶ 21-27.) The parties have filed cross motions for summary judgment on both of those claims. (Pl.'s Mot. for Summ. J. [10] and Defs.' Mot. for Summ. J. [13].)

## DISCUSSION

### I. SUMMARY JUDGMENT STANDARD

The court must grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). The party seeking summary judgment bears the initial burden to show the district court, by reference to materials in the record, that there are no genuine issues of material fact that should be decided at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If this initial burden is not satisfied, the motion must be denied and

the court need not consider any showing made by the nonmovant. *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1116 (11th Cir. 1993). If the movant satisfies this initial responsibility, the nonmoving party then bears the burden to show the existence of a genuine issue of material fact. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991).

Where the movant bears the burden of proof on an issue, the movant "must show that, on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the non-moving party." *Fitzpatrick*, 2 F.3d at 1115. Where the nonmovant bears the burden of proof, the moving party need only show the absence of evidence to support the nonmovant's case, or affirmative evidence demonstrating that the nonmovant will be unable to prove their case at trial. *Id.* at 1115-1116. The court must view all evidence and draw all reasonable inferences in favor of the nonmoving party. *Johnson v. Governor of Fla.*, 405 F.3d 1214, 1217 (11th Cir. 2005).

There is no "genuine" issue for trial "unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The substantive law will determine which facts are material, and "[o]nly disputes over facts that might affect the

outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* at 248.

## II. TIMELINESS

As a preliminary matter, plaintiff urges the Court to deny defendants' motion for summary judgment as untimely. (Pl.'s Resp. [14] at 14-15.) The Court entered a scheduling order on June 21, 2011 providing that any motions for summary judgment must be filed by October 8, 2011. (Order [8] at 1.) Defendants' motion was three days late. (Defs.' Mot. for Summ. J. [13].)

Consideration of defendants' motion is appropriate, in spite of the short delay. *See Thomas v. Kroger Co.*, 24 F.3d 147, 149 (11th Cir. 1994)(authorizing consideration of an untimely motion for summary judgment under similar circumstances). The delay did not result in any prejudice to plaintiff. Indeed, the motion largely reiterates arguments raised over a month earlier in response to plaintiff's motion for summary judgment. Moreover, judicial economy is best served by resolving the substantive issues presented by the motion, rather than denying the motion on a procedural ground. *Id.* The Court will thus consider defendants' motion for summary judgment.

## III. BREACH OF CONTRACT

A. Damages

In support of their motion for summary judgment on the contract claim, defendants contend that plaintiff has failed to submit any

5

evidence of damages. (Defs.' Br. in Supp. of Mot. for Summ. J. ("Defs.' Br.") [13] at 11.) Under Georgia law, a breach of contract claim requires evidence of damages arising from the alleged breach. *TDS Healthcare Sys. Corp. v. Humana Hosp. Ill., Inc.*, 880 F. Supp. 1572, 1583 (N.D. Ga. 1995). As applied to a title insurance policy, damages are measured by "the difference between the value of the property when purchased with the encumbrance or encroachment thereon, and the value of the property as it would have been if there had been no such encumbrance or encroachment." *Jimenez v. Chicago Title Ins. Co.*, 310 Ga. App. 9, 14 (2011). Thus, proof of damages in this case requires evidence of the difference between the value of the estate as described in the Jurney Deed and the value of the estate without Tracts 4B, 5B, and 6B. *Id.*

Plaintiff offers no appraisal of the property, even though he is permitted to do so through his own testimony or that of an expert. *See Iffland v. Lancaster*, 176 Ga. App. 449, 450 (1985)("a property owner need not be an expert to state an opinion as to the value of his property, provided he can establish that he has had an opportunity for forming a correct opinion"). Instead, he contends that defendants are judicially estopped from disputing the amount of damages as a result of their allegations in the Fidelity action regarding the value of the estate and the losses sustained as a result of the Ballew settlement. (Pl.'s Resp. [14] at 15-17.)

6

In support of his judicial estoppel argument, plaintiff cites Georgia law. (*Id*.)  It is unclear whether a Georgia court would apply judicial estoppel in this context. *See Wachovia Bank, N.A. v. Moody Bible Inst. of Chicago, Inc.*, 283 Ga. App. 488, 492 (2007)(noting the short history and limited application of judicial estoppel in Georgia). Assuming the doctrine is applicable, the party invoking it must show that:  (1) the estopped party is asserting a position that is "clearly inconsistent" with a position asserted earlier, (2) a court was persuaded to accept the earlier inconsistent position, and (3) estoppel is necessary to avoid any unfair advantage derived from the inconsistent positions. *Battle v. Liberty Mut. Fire Ins. Co.*, 276 Ga. App. 434, 435 (2005).

The above requirements are not met in this case. As an initial matter, defendants' allegations in the Fidelity litigation are not "clearly inconsistent" with their demand that plaintiff submit evidence of damages to support the breach of contract claim asserted in this case. In addition, the Fidelity action is still pending, and there is no indication that the Fidelity court has been persuaded to accept defendants' position concerning losses.

More importantly, and as plaintiff recognizes, judicial estoppel is an equitable doctrine that is invoked at the Court's discretion. (Pl.'s Resp. [14] at 15.)  There is evidence in the record that suggests plaintiff was aware at the time of the conveyance that the

7

Landers and Jurney Deeds were only intended to include Tract 3B. (Defs.' Br. [13] at 3-6.) As a result of the settlement with Ballew, plaintiff received Tract 2B, in addition to Tract 3B. (*Id.* at 7.) Assuming that the evidence concerning plaintiff's knowledge is true, the Court is not inclined to apply an equitable doctrine so as to enable plaintiff to obtain the value of three additional tracts that he never paid for.

As judicial estoppel is not available to establish damages, plaintiff must present some evidence of this element of his claim to survive summary judgment. Nevertheless, it seems likely that damages exist because the tracts of land that plaintiff lost in the Ballew settlement are presumably worth something. Accordingly, and pursuant to the schedule set forth below, the Court will reopen discovery for a short period of time to give plaintiff an opportunity to develop damages evidence. Defendants' motion for summary judgment [13] is **DENIED without prejudice** as to plaintiff's breach of contract claim. If defendants still believe that summary judgment is warranted following damages discovery, they can file a renewed motion at that time.

### B. Coverage

In his opposing motion for summary judgment, plaintiff argues that he is entitled to summary judgment on his breach of contract claim because the loss associated with the flaw in the Deeds clearly

is covered by the Policy.[1] (Pl.'s Br. in Supp. of Mot. for Summ. J. ("Pl.'s Br.") [10] at 16-18.) In response, defendants again reference evidence in the record suggesting that plaintiff knew at the time of the conveyance that Ballew only intended to convey Tract 3B. (Defs.' Resp. [11] at 3-6.) Citing Policy language that excludes defects or encumbrances "assumed or agreed to" by the insured, defendants argue that plaintiff's knowledge concerning the excluded tracts precludes coverage of losses associated with them. (*Id.* at 10 and Policy [10] at § 3(a).)

Plaintiff has made no effort to rebut the factual assertions concerning his alleged knowledge, and neither party has adequately briefed the legal significance of knowledge under Georgia law. To complicate the issue, no Georgia court has directly addressed the precise scope of the exclusion cited by defendant. One thread of authority supports the view that an insurer cannot escape liability under the exclusion where the insured was merely negligent in bringing about his own loss or was innocent of any conduct causing the loss. *See Fid. Nat'l Title Ins. Co. v. Matrix Fin. Serv. Corp.*, 255 Ga. App. 874, 879 (2002). Another thread of authority suggests that an insurer is relieved of any liability under the exclusion

---

[1] Plaintiff raises the judicial estoppel argument in support of his motion for summary judgment as to coverage. (Pl.'s Br. [10] at 18-19.) As discussed in connection with defendants' motion, judicial estoppel is not applicable here.

where the defect resulted from the intentional misconduct or inequitable dealings of the insured, or where the insured either expressly or impliedly agreed to the particular defect in purchasing the property involved. *See Buffington v. Atlanta Title & Trust Co.*, 43 Ga. App. 444 (1931).

Given the apparently conflicting law, the effect of the cited exclusion under the specific circumstances of this case might ultimately be resolved by certifying a question to the Georgia Supreme Court. Clearly, neither the factual record nor the legal arguments that are presently before the Court warrant summary judgment in favor of plaintiff on the coverage issue. Plaintiff's motion for summary judgment [10] is therefore **DENIED without prejudice** as to the breach of contract claim. Additional factual development and briefing are required for either this Court or the Georgia Supreme Court to rule on the coverage issue. The Court will order such briefing pursuant to the schedule set forth below. In conjunction with the briefing, plaintiff may submit a renewed motion for summary judgment.

**IV.  BAD FAITH**

In addition to the breach of contract claim, defendants move for summary judgment on plaintiff's claim under Georgia's bad faith statute. Pursuant to O.C.G.A. § 33-4-6, the insured bears the burden of proving that the insurer acted in bad faith. *Moon v. Mercury Ins.*

10

*Co. of Ga.*, 253 Ga. App. 506, 507 (2002). Bad faith penalties are not authorized where the insurer has "any reasonable ground to contest the claim" or where there is "a disputed question of fact" that impacts coverage. *Id.* (citing *So. Fire & Cas. Ins. Co. v. Nw. Ga. Bank*, 209 Ga. App. 867-68 (1993)).

Plaintiff claims that defendants acted in bad faith by refusing coverage, while at the same time asserting in the Fidelity action that plaintiff suffered losses in the amount $146,100 in connection with the Ballew settlement. (Pl.'s Br. [10] at 21-22.) To the extent plaintiff's argument relies on principles of judicial estoppel, or the assertion that coverage under the Policy is clear and undisputed, it is rejected for the reasons discussed above.

Based on the evidence in the record, the Court agrees with defendants that they had reasonable grounds to contest plaintiff's claim. (Defs.' Br. [13] at 11-12.) As mentioned, the Policy excludes defects or encumbrances that are "assumed or agreed to" by the insured. (*Id.* at 12-13.) Given his alleged knowledge that the Landers Deed was only intended to include Tract 3B, plaintiff arguably "assumed or agreed to" the mistaken description in the Deed as also including Tracts 2B, 4B, 5B and 6B. In addition, there is undisputed evidence in the record that plaintiff prohibited defendants from appraising the property, which is necessary for

11

defendants to determine the extent of coverage for loss. (*Id.* at 11-12.)

A dispute over the amount to be paid, exacerbated by a delay in ascertaining the value, is a reasonable ground to dispute coverage. *B.S.S.B., Inc. v. Owners Ins. Co.*, No. 7:08-CV-112 (HL), 2010 WL 320229 (M.D. Ga. Jan. 20, 2010)(a dispute over the amount owed under a policy provision precludes bad faith penalties).  Moreover, defendants had reasonable grounds to believe that plaintiff's loss was excluded from coverage under the Policy.  It follows that defendants had reasonable grounds to contest the claim. Defendants' motion for summary judgment on plaintiff's bad faith claim is therefore **GRANTED** and plaintiff's Motion for summary judgment on the same claim is **DENIED**.

## CONCLUSION

For the foregoing reasons, plaintiff's Motion for Summary Judgment [10] is **DENIED** as to plaintiff's bad faith claim and **DENIED without prejudice** as to the breach of contract claim and defendants' Motion for Summary Judgment [13] is **GRANTED** as to the bad faith claim and **DENIED without prejudice** as to the breach of contract claim.

Given the evidence concerning plaintiff's knowledge of the intended conveyance in the Landers Deed, and the potentially unfavorable Policy exclusion, the Court believes that it would be beneficial for the parties to explore settlement.  To encourage

12

settlement efforts, the Court will **STAY** this case for **thirty (30) days** from the date of this Order. If the parties are unable to reach a settlement by **Monday, April 30, 2012**, the Court will **REOPEN** discovery for **sixty (60) days** to provide plaintiff an opportunity to develop evidence concerning damages. Assuming there is no settlement, damages discovery will conclude on **Friday, June 29, 2012.**

Following damages discovery, the Court **DIRECTS** defendants to submit a brief addressing the coverage issues discussed in this Order: in particular the significance under Georgia law of plaintiff's knowledge concerning the conveyance. Defendants should submit their coverage brief by **Friday, July 27, 2012**. In conjunction with the coverage brief, and depending on the evidence that is developed during discovery, defendants may renew their motion for summary judgment on damages.

Plaintiff should respond to defendants' coverage brief by **Friday, August 24, 2012.** In conjunction with the response, and if it is warranted by the facts and case law, plaintiff may renew his motion for summary judgment on coverage. Upon its review of the expanded briefs, the Court will either issue a ruling on the coverage issue or certify a question to the Georgia Supreme Court.

SO ORDERED, this <u>29th</u> day of MARCH, 2012.


                                        <u>/s/ Julie E. Carnes</u>
                                        JULIE E. CARNES
                                        CHIEF UNITED STATES DISTRICT JUDGE